## MCLEAN HOUSE, NORTH, PHASE I, CONDOMINIUM, COUNCIL OF CO-OWNERS

### V.

## THOMAS H. MAICHAK, TRADING AS MCLEAN ASSOCIATES, ET AL.

Record No. 830198

June 13, 1986

Present: All the Justices

*John E. Coffey (Stephen G. Johnakin; David S. Mercer; Thomas & Fiske, P.C.*, on briefs), for appellant.
*(Lytton H. Gibson*, on brief), for appellees. Appellees submitting on brief.

PER CURIAM.

This appeal challenges a condominium developer's authority to assign parking spaces to a condominium unit owner. The Council of Co-owners (the Council), an association of unit owners in McLean House, North, Phase I, Condominium (the Condominium), brought a declaratory judgment action against McLean Associates (the Developer), the Condominium's developer. The Council requested the trial court to declare void the Developer's assignment of parking spaces to a particular Condominium unit owner. The trial court ruled the assignment was valid, and the Council appeals.

The Condominium was developed with 103 parking spaces which are located in the basement garage. Until the parking spaces were assigned to a particular Condominium unit, the spaces were part of the "General Common Elements," each Condominium unit owner having an undivided interest therein. Under the Condominium's master deed, the Developer had

> the right to assign any of the 103 parking spaces . . . to a specific condominium unit . . . . [S]uch assignment shall be reflected in the Deed of Conveyance of the unit to which such [parking] space or spaces are assigned . . . and such assigned parking space or spaces shall become appurtenant [thereto].

After the Developer had sold all the Condominium units, however, nine parking spaces remained unassigned.

Additionally, the Developer constructed an apartment complex adjacent to the Condominium. A controversy arose between the Developer and the Council over the use of the Condominium's recreational amenities by residents of the apartment complex. The parties resolved this controversy by an agreement dated June 19, 1980, under which the Council granted certain easements in favor of the residents of the Developer's apartment complex. In return, the Developer agreed

> [t]o waive any and all of its rights and/or powers, if any, including but not limited to any that may be provided for in the Condominium Documents, including but not limited to the rights and powers in connection with the amenities located [at the Condominium].

Following this agreement, on July 1, 1981, the Developer executed a "Deed of Assignment" purporting to assign the remaining parking spaces to one of the Condominium unit owners.

By its assignments of error, the Council contends that the Developer's assignment of the nine parking spaces was void because (1) it was not made in compliance with the Condominium documents, and (2) the Developer, by the June 19 agreement, waived its right to make the assignment. Because our decision regarding the waiver issue disposes of this appeal, we will assume, without deciding, that the assignment of parking spaces was made in compliance with the Condominium documents.

The Developer asserts that "[a] reading of the June 19, 1980 agreement clearly indicates that the only rights intended to be waived" by the Developer were those dealing with the apartment residents' use of the Condominium's amenities. We do not agree.

The law is clear that when an agreement is plain and unambiguous in its terms, it will be given full effect. *See Lerner* v. *The Gudelsky Co.*, 230 Va. 124, 132, 334 S.E.2d 579, 584 (1985); *Berry* v. *Klinger*, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983). In the June 19 agreement, the Developer agreed "[t]o waive any and all of its rights . . . , including . . . any that may be provided for in the Condominium Documents." These terms are plain and unambiguous, and we will give them full effect.

We conclude, therefore, that the Developer effectively waived any rights which it may have had under the Condominium's documents, including the right to assign the nine parking spaces. Accordingly, we will reverse the judgment of the trial court and enter final judgment in favor of the Council.

*Reversed and final judgment.*