## CIRCUIT COURT OF FAIRFAX COUNTY

Steel Systems, Inc.

v.

Auger Construction, Inc.

December 20, 1990

Case No. (Law) 100017

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider Auger Construction's Motion to Crave Oyer of the Subcontract dated October 12, 1988, between Auger and CSI and Demurrer to the Motion for Judgment. The Court has considered the arguments of counsel, as well as the principle authorities cited by both sides. For the reasons that follow, the Court grants the Motion to Crave Oyer and denies the Demurrer to the Motion for Judgment.

Paragraph 4 of the Motion for Judgment mentions the Subcontract entered into between Auger and CSI in 1988. Since there appears to be no objection to the Motion to Crave Oyer of this the document, the motion is granted.

Payment under a fully executed contract may be assigned, regardless of provisions otherwise. In *Florance v. Kresge*, 93 F.2d 784 (4th Cir. 1938), the Court stated:

> The rule, we think, is well settled that, "although an executory contract may be *nonassignable because of its personal nature or because of a provision therein for nonassignment, nevertheless, once the contract has become executed to the extent that nothing remains to be done except the payment of money by one of the parties*

> *to the other, the claim becomes a chose in action*
> *which is assignable."*

*Id.* at 787 (emphasis added).

Although the Court agrees with Auger that the subcontract is not a secured transaction covered by § 8.9-318(4) of the U.C.C. because it is expressly excluded from that title, the official comment does lend support to the proposition set forth in *Florance*. Section 8.9-104(f) Va. Code Ann. (1950); *Lyon v. Ty-Wood Corporation*, 212 Pa. Super. 69, 239 A.2d 819 (1968). In pertinent part, the comment reads:

> Subsection (4) breaks sharply with the older contract doctrines by denying effectiveness to contractual terms prohibiting assignment of sums due and to become due under contracts of sale, *construction contracts* and the like. Section 8.9-318 Va. Code Ann. (1950) Official Comment (4) (emphasis added).

The Motion for Judgment states that the Subcontract in question is fully executed. According to *Florance*, the receivables under this fully executed contract could properly be assigned, regardless of an agreement to the contrary. Accordingly, the Demurrer is denied.