## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Atlantic Builders Group, Inc.

v.

JAK Construction, Inc., et al.

August 10, 1994

Case Nos. (Chancery) CH930633, CH930634
(Law) CL930788

BY JUDGE ALFRED D. SWERSKY

These two cases were consolidated for trial on the merits and heard by the Court without a jury. Counsel have filed briefs in lieu of closing argument.

In the Chancery matter, Atlantic has filed suit as assignee of Cabinets and Interiors (C&I), a subcontractor for Defendant JAK. Fidelity is the surety on a payment bond alleged to obligate it to pay suppliers and laborers used by JAK on the project at 320 King Street, Alexandria, Virginia.

In the Law matter, Atlantic, in its own right, sues JAK and Fidelity as a subcontractor for C&I claiming that Defendants have failed to pay C&I sums due and owing and that as a result, C&I has been unable to pay Plaintiff sums owed to it by C&I.

In the Chancery action, certain legal defenses have been raised, as well as factual defenses. The Court will deal with the legal defenses first.

At the outset, JAK claims that Atlantic cannot, as assignee, recover because the contract between JAK and C&I prohibits its assignment. Atlantic relies on *Steel Systems, Inc. v. Auger Const., Inc.*, 22 Va. Cir. 332 (1990), citing *Florence v. Kresge*, 93 F.2d 784 (4th Cir. 1938), for the proposition that a fully-executed contract may be assigned for payment in spite of provisions to the contrary in the contract. However, the contract documents incorporated into this contract specifically prohibit assignment for payment. See Defendants' Exhibit 241. The partial lien waivers filed by C&I as part of its application for payment state that C&I "(3) *Warrants*

that it has not and *will* not assign any claims for payment . . . ." (Emphasis added.)

As a part of the contract designed to protect the general contractor from non-payment to suppliers and laborers of its subcontractors, the prohibition against future assignments is an essential element. The scheme designed to protect the general contractor includes warranties that all suppliers and laborers have been paid; that none have a right to file liens; and a ban against future assignments in lieu of payments. The evidence indicates that the evil that this scheme was designed to prevent did, in fact, occur. C&I was never current on its obligations to Atlantic and used the assignment of its claim against JAK in lieu of payment to Atlantic.

*Florence, supra,* does not hold that a contract may not preclude assignment *in futuro* of the right to payment. No statute nor other authority has been shown which prevents the parties to this type of contract from agreeing to its non-assignability. The law is clear that when an agreement is plain and unambiguous in its terms, it will be given full effect. *Council of Co-owners v. Maichak,* 231 Va. 347 (1986). Hence, C&I's right to payment under its contract was non-assignable and Atlantic has no right of recovery as an assignee.

In addition, C&I breached its contract by failing to pay for materials, equipment, and labor for the periods covered by previous payments it had received from JAK as was required by the contract.

JAK has failed to prove its other claims of breach by C&I, i.e., failure to meet the schedules for its work; failure to obtain a contractor's license required by § 54.1-1103; and the filing of "cut and paste" shop drawings.

In addition, Plaintiff has failed to show that Defendants acted in bad faith as alleged in Count 2 of the Bill of Complaint; no recovery can be had under a *quantum meruit* theory as alleged in Count 3 because of the existence of a written contract between C&I and JAK; there is sufficient evidence that the bond relied upon by Atlantic is the proper bond to be the subject of this cause in spite of the listing of an entity known as "JBK Companies, Inc." as the owner (such a variance is not fatal, and it is clear that this is the bond intended by the parties to cover this project); and the Court finds that there has been substantial compliance with the Mechanic's Lien statutes (§ 43-7) requiring notice to the owner of the property as alleged in Counts 5 and 6.

In view of the Court's ruling on the non-assignability of the contract, the Court finds in favor of the Defendants in the Chancery action, and judgment will be entered for them.

As to the Law action, the Court having found that there is no fatal variance between the bond sued on and the bond produced at trial, recovery is not precluded on that basis.

Atlantic is entitled to recover the $6,364.00 covered by the stipulation; and for the following change orders (numbered as presented by the evidence):

| 2 | Keyboard trays | $3,392 |
|---|---|---|
| 3 | Room 3KY | 4,928 |
| 7 | Wood blocking | 1,506 |
| 8 | Rooms 4J18 and 4G20 | 3,485 |
| 10 | Toggle bolts | 2,500 |
| 22 | Delete window sills | 1,171 (credit to JAK) |
| 23 | Dr. Grubb Millwork | 1,400 (credit to JAK) |

The following claims for change orders are denied:

| 5, 6 | Additional storage shelves and pedestal base |
|---|---|
| 21 | Room 5F8 |
| 24 | Reception veneer |
| 26 | Secretary station 4M4 |
| 27 | Secretary station 4M7 |

The Court denies numbers 5 and 6 because C&I bid this job based on two shelves, not six. These would, therefore, not be proper change orders. Plaintiff's reliance on Defendant's employee's statement as to the number of shelves is misplaced. Since C&I bid the job based on its interpretation of the bid requirements, it, and not JAK, must suffer the loss.

Numbers 21, 24, 26 and 27 are denied based upon Defendant's showing that the claims were not properly made as change orders in accord with the procedures set up in the contract. They were not timely filed, and the evidence is insufficient to show that JAK or its employees specifically approved these items.

Plaintiff's claim for delay damages will be denied as Plaintiff has not shown by a preponderance of the evidence that the delay was caused by Defendant nor that it was damaged by any delay on the project.

Defendants have claimed certain set-offs as a result of back charges for work allegedly not done or improperly done by C&I. Plaintiff argues that the contract set forth a procedure for properly back-charging C&I and that JAK failed to follow the procedure, particularly in giving notice to and an

opportunity to cure to C&I. The Court agrees, and JAK claims for back-charges will be denied.

The total to be awarded to Plaintiff in the Law action is the unpaid balance of the contract ($27,289) plus change orders ($22,175) less credits to JAK ($2,571). The Court finds that JAK is and was indebted to C&I in the amount of $46,893, and judgment is awarded in that amount.

In view of the conflicting nature of the evidence as to C&I's performance of its obligations, Plaintiff's request for prejudgment interest will be denied.